**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

GARY ROBINSON, a/k/a Gary
Robertson, a/k/a Paul Thomas,
          *Defendant-Appellant.*

No. 03-4269

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, Senior District Judge.
(CR-02-253-WMN)

Submitted: August 26, 2003

Decided: September 10, 2003

Before WIDENER and NIEMEYER, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James Wyda, Federal Public Defender, Melissa Moore, Staff Attorney, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Jonathan M. Mastrangelo, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Gary Robinson appeals his convictions for possession of a firearm by a felon, and possession of ammunition by a felon, both in violation of 18 U.S.C. § 922(g)(1) (2000). Robinson raises two issues on appeal. First, he argues that the district court erred in denying his motion for mistrial in light of the Government's remarks offered during its rebuttal argument. Second, Robinson asserts that the district court improperly instructed the jury in three instances. Finding no error, we affirm.

In determining whether a prosecutor's remarks constitute prosecutorial misconduct warranting a mistrial, a court considers: (1) whether the prosecutor's remarks were improper; and only if so, (2) whether the remarks prejudicially affected the defendant's substantial rights as to deprive the defendant of a fair trial. *See United States v. Morsley*, 64 F.3d 907, 913 (4th Cir. 1995). It is not prosecutorial misconduct for the prosecution to point out that the defense's argument relies on an implication that the testifying police officers were not credible. *See United States v. Scott*, 267 F.3d 729, 740-41 (7th Cir. 2001). Likewise, the Government's statement that "at the end of the day it turns on credibility," is a proper statement. *See United States v. Diaz-Carreon*, 915 F.2d 951, 956 (5th Cir. 1990). Under this standard, the rebuttal argument offered by the Government in response to the defense implication that the police officers might not be credible was not improper, and we find the district court did not abuse its discretion by denying Robinson's motion for a mistrial. *See United States v. Cole*, 293 F.3d 153, 163 (4th Cir. 2002).

"This court reviews jury instructions in their entirety and as part of the whole trial" to determine "whether the court adequately instructed the jury on the elements of the offense and the accused's defenses." *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995) (quoting

*United States v. Fowler*, 932 F.2d 306, 317 (4th Cir. 1991)). A refusal to grant a requested instruction is only reversible error if the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense. *See United States v. Patterson*, 150 F.3d 382, 388 (4th Cir. 1998). First, Robinson asserts the district court erred by refusing to instruct the jury that his mere presence near a firearm did not establish possession. The instructions given to the jury properly advised the jury that the Government was required to prove the firearm and ammunition were within Robinson's control, and that he possessed them purposefully, voluntarily, and not by accident or mistake. Robinson tossed the gun as he was fleeing, the arresting officer recovered a magazine of ammunition from Robinson's pocket, and the magazine from Robinson's pocket fit the gun recovered from the path of his flight. Because the instructions offered by the district court substantially covered the instruction sought by Robinson, and the mere presence instruction did not deal with a factual situation presented at trial and not covered by the district court's instructions, we find the instructions offered by the district court to the jury were adequate.

Second, Robinson contends the district court erred by refusing to give the identification instruction requested by the defense. The instruction Robinson sought, however, is required only in a case in which the evidence strongly suggests the likelihood of irreparable misidentification. *United States v. Brooks*, 928 F.2d 1403, 1405 (4th Cir. 1991). Upon our review of the record, we conclude the district court did not err in failing to give the requested instruction. There was plenty of additional identification evidence present here.

Third, Robinson asserts the district court erred by giving an instruction concerning flight as evidence of consciousness of guilt. Generally, a consciousness of guilt may be deduced from evidence of flight, and a jury's guilty verdict may be supported by consciousness of guilt. *United States v. Obi*, 239 F.3d 662, 665 (4th Cir.), *cert. denied*, 534 U.S. 835 (2001). In order for a flight instruction to be appropriate, the evidence must establish all the supporting inferences that link the flight to consciousness of guilt for the crime charged. *Id.* In response to a command from a uniformed officer in a marked

police car to stop and raise his arms, Robinson quickly turned and ran in the opposite direction. Robinson fled down the street and attempted to dispose of his handgun. The jury instruction specifically cautioned that the evidence of flight did not substitute for proof of guilt. Furthermore, the jury was instructed that the Government was required to prove that Robinson knowingly and willfully possessed the firearm and that his possession was not by mistake or accident. We find the district court did not abuse its discretion by giving an instruction concerning flight.

Accordingly, we affirm Robinson's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid in the decisional process.

*AFFIRMED*